Good morning, Your Honors. Richard Annan on behalf of the Appellant Value Selling Associates. I'm here today with the owner of Value Selling Associates, Julie Thomas, who is in the courtroom, because an obvious injustice has been done, and the law provides two conceivably small windows with which to rectify that injustice. The most challenging window to climb through is the one that leads to a finding that the arbitrator manifestly disregarded the law, and under that standard, it would mandate the award be vacated, the arbitration process begin anew. It's a wholesale correction of the injustice. The second window is for the court to modify the award, and if the award cannot be rationally inferred from the contract giving rise to the dispute, this is known as the essence test. The remedy in that case would be for the court to modify the award so as to give effect, so as to affect the intent of the award and promote the justice between the parties. It's a far less drastic outcome, but conceivably, it is a difficult standard to also meet. So no matter what the evidence is that's presented during the arbitration, the award must draw its essence from the agreement which is in dispute between the parties. It is the dispute as defined by the contract, which is the touchstone for the arbitrator to always look to. No matter what is presented, the arbitrator needs to always look at that contract and say, what is the dispute, and that is what I am authorized to resolve. Now, in this case, the value-selling program was copyrighted in 1998 by the appellee, Mr. Temple, and his partner, and the cornerstone of that copyright was the value-selling program called and included the value prompter form with instructions and the qualified prospect formula. In 2003, Mr. Temple sold that program and its network of licensees to Mrs. Thomas for $6 million. Mr. Temple continued on as a licensee, presenting that program to various parties. In 2007, the parties parted ways with a settlement agreement in which Mr. Temple acknowledged he would stop using value-selling products. In 2010, value-selling through Mrs. Thomas filed its demand for arbitration, claiming very simply that Mr. Temple's e-navigator and P2C formula, which were part of his so-called enterprise selling program, were in fact just copies of the value prompter and the qualified prospect formula. That was the essence of the dispute between the parties. The arbitrator was presented with a simple question. Does Mr. Temple get to continue using his e-navigator and P2C formula as part of a sales training program, or is he precluded from doing that because they are simply copies of the value-selling products, which he had copyrighted? Now, Mr. Temple, in the arbitration, did not request affirmative relief. He never said to the arbitrator, I want to be able to use the value prompter and the qualified prospect formula. He, like value-selling, recognized the question being presented to the arbitrator was, does he get to continue using his e-navigator and P2C formula? Well, counsel, from what you're telling us, it sounds as if the arbitrator was presented with issues that went to the essence of the agreement. How did those disputes not go to the essence of the agreement that formed the basis for the arbitration? They do, Your Honor. That is the essence, but the arbitrator departed. And here's how the arbitrator departed, is after the evidence was presented and the award came out, the arbitrator made a finding that the value prompter and the qualified prospect formula were not copyrightable. And as he left his award in that fashion. So how did that finding depart from the essence of the agreement, if that was the issue that was placed before him? How did that depart from the essence of the agreement? That wasn't, well, two things on that, Your Honor. That wasn't what was before him. What was before him was, does Mr. Temple get to continue to use the e-navigator and the P2C formula? So that's, in other words, is he infringing on the copyright? Well, it's, that's one aspect of it, Your Honor, and the arbitrator said, no, he's not. But we have to come back to the essence, and the essence grows out of the contract. So put copyright law aside. Under contract law, Mr. Temple sold the value prompter and the qualified prospect formula to Mrs. Thomas for $6 million. As a matter of contract, he cannot now start using the very thing that he sold, whether it's copyrightable or not. And as the arbitration award stands now, it says just that, that he can do that. But you didn't have a non-compete clause. The non-competition clause did exist, and the non-competition clause expired. But even after expired. Then isn't your remedy, aren't you only left with the remedy of copyright? No. If your non-compete clause is expired? No, he can compete in the sales training arena, but he can't use the very value selling products that he sold to Mrs. Thomas. Back to copyright. No contract. What did the contract say? The contract, the settlement agreement between the parties was that he was going to move on with his own sales training business, and he was not going to use value selling products. Okay, did he, was he using value selling products? At the time he was. Did it say value selling on it? Yes. As a licensee, he was using it. Okay, but that was, all right, but he was licensed to do that, so there's no violation of the contract there. Correct. Then after the settlement agreement is entered into, and they part ways, and he starts his enterprise selling program, that's when he is using his e-navigator and his P2C formula. But it doesn't say value selling. So then the issue becomes whether or not the e-selling product is actually the value selling product, right? That is right under copyright law, but look at it this way. Assume there is no copyright. Assume that Mr. Temple put together this selling program. It was never copyrighted, and he sells it lock, stock, and barrel to Mrs. Thomas. That would suggest a different kind of contract than the one that you ended up with. That would suggest that whoever negotiated this, I don't know whether you were involved in the negotiation, it doesn't really matter, but it suggests that whoever negotiated this should have negotiated this a little more carefully to say, you won't get in the business of selling value selling or anything that's like it. And that's very close to a non-compete clause, which you've already told us they had, but it expired. It was, a non-compete was to not compete in the sales training business. But you can't, there are hundreds of sales training programs out there, and you can't stop somebody who wants to put on a program from having their own, and there's many out there. You can't stop someone from having one that's substantially similar to the one that was already sold, right, by way of contract. Yes, under substantially similar, you could do that under copyright. No, you could do it as a matter of contract, and say if you're going to develop a sales program, it cannot be substantially similar to the one you sold us. That's right, and that's what they agreed on. He was not going to use value selling products post-sellment agreement. And he's saying I didn't use value selling, I used e-selling products, so. That's right, that's right, and that brings us back to the crux of this issue. Right. Which is, the arbitrator found you may use your e-navigator and your P2C formula, because I'm finding they aren't value selling products. But the arbitrator went a step farther and said, and by the way, Mrs. Thomas, your value prompter and your P2C formula, they're not even copyrightable. And leaving it open, that now Mr. Temple can come back and use the very products that he sold pursuant to contract to Mrs. Thomas in a, if he wants to, in a selling program. Would it matter if they're copyrightable or not? It would not. As a matter of contract. So. He cannot use those. But the copyright question was placed in front of the arbitrator, was it not? It was, Your Honor. And in order to answer the copyright question, he has to decide, is it copyrightable? Yes. Does he not? Yes, he does. And so he decided that. He did. But then that's, you cannot stop the analysis there, because the arbitrator needed to come back and say, okay, what is the rights of these parties under the contract under which I am arbitrating? But we can't. The problem is you're up against our limited ability to review an arbitration decision, because we cannot structure the manner in which an arbitrator makes his or her decision. You're right, Your Honor. I recognize that burden. But I think that under the law, what the court can do here, it can correct this by modifying this without affecting the merits. And here, what I think can be done and should be done here is this court could say simply, notwithstanding anything in the arbitration award to the contrary, appellees may not use the value prompter or the qualified prospect formula as such appear in the 1998 copyright. Now, what case do you think is the strongest case authority for your argument that this is an appropriate scenario for modification of an arbitration contract? What's your strongest case to support that argument? To modify the award? Yes. What case authority within this circuit would you say most strongly supports that argument? One of the problems with appealing arbitrations award, there's basically a dearth of case law in it, because the courts don't get these very often, and policy basically says the courts don't want to hear these, and the standards are so difficult. Well, not that we don't want to hear them. It's that we've been told that this is an area that we should defer to the arbitrator. There are very limited bases for us to touch an arbitrator. So that's why I'm asking you to give us what your strongest case is. I think the strongest case, Your Honor, is not in this circuit, but it's NCR Corp. v. SAC Company. It's a Sixth Circuit case. It's cited in our reply brief on pages 4 and 6. There's also substantial California authority that when the court may modify an award, as long as it doesn't affect the merits of the award. And what I just read to the court and asked that this court do, it doesn't change anything. Mr. Temple gets to use his e-navigator. He can use his qualified prospect formula. It doesn't change the merits, the substance of anything. If it doesn't change anything, why should we do it? Because, Your Honor, as that award now stands, if this court affirms the arbitrator's award, Mr. Temple tomorrow can take his enterprise selling program and he can just start using the value prompter and the P2C formula. Now, here's what's interesting about that issue, is that in Mr. Temple's brief at page 42, he concedes exactly what I'm saying. He says, VSA essentially wants this court to change the award to provide that appellees and presumably others cannot use its value prompter or qualified prospect formula. That's exactly right. That's what we want. But then in his brief, this is what he goes on to say. But that's not what the award provides. So he is, in his brief, arguing to this court that the relief that I am requesting from this court is not in that award, but it is clearly in the award. And that's why it needs to be rectified. So, Counsel, did you want to save any time for rebuttal? Yes, Your Honor. I'll save my remaining time. All right. Thank you. Thank you. Good morning, Your Honors. Karen Vogel on behalf of the defendants. As the Court has recognized, arbitration is intended to be a private dispute resolution processed with the narrowest of exceptions for court intervention. And losers sometimes can't resist the attempt to add a second bite to the apple, and that's what's happened here. We're looking at the merits of the situation and the merits of the arbitration award rather than one of those exceptions where the court would actually interfere with a private dispute resolution process. They don't dispute that there was no infringement here. The only dispute is the arbitrator's finding that the value prompter and the qualified prospect formula are not individually copyrighted. Because the award can only be vacated on statutory grounds, value selling alleges that the arbitrator exceeds his powers. And as the Court has recognized, an arbitrator doesn't exceed his powers by making mistakes of law or fact. I don't believe those happen here, but that's still not what your review is of. You are not here to review whether the Court made mistakes. It's whether the Court manifestly disregarded the law. I'm sorry, the arbitrator. Whether the arbitrator manifestly disregarded the law or whether the arbitrator the award is completely irrational. That completely irrational test is the part where it draws its essence from the agreement. The Court's correct in that what was put before the arbitrator was an infringement claim. And that is also the focus of the brief on appeal here today is the infringement claim. The infringement claim is based on the arbitrator and it's based on the law. And there's not a, there's, it's, you can't find a place where the arbitrator didn't rely on the law. There was no manifest disregard. Their argument, that's what it looked like to me in the briefing, but their argument here today seems a little different from that. They're saying, at least I think I hear them saying, well, it doesn't matter if it infringes or doesn't infringe. He's bound separately, contractually. He is bound contractually, separately, not to use this stuff. Never mind whether it's copyrightable or not. That's what they seem to be saying today. And I agree. Does the arbitrator, does the arbitration award preclude them from making that argument? I believe it does. How? I believe that it does because I believe that the issue of whether the, these particular two documents that were, or two items that we're looking at, whether they could be used by my client is, it depends upon copyright law principles. The documents themselves are not identical. The two, the things that they're looking at are different. And in fact, it's kind of interesting because what copyright law protects is originality. And those two documents, and as the arbitrator found in its award, those two documents were not original with the plaintiff in this case, nor were they original with my clients when they first created them back, you know, before the original copyright. Those documents came from, they were in the public domain. There were other parties that had used them. Some of the words are changed slightly. The form is one that basically comes from, I'm talking about the value prompter form. It is one that probably came from a, was originally created from just a macro on a Word document that used a template that's already there that other parties certainly are free to use. Well, that doesn't seem to answer what they're saying today, nor does it seem to answer my question. Okay. You want to know. It seemed to be saying today, okay, the arbitrator decided what he decided. But on the terms of the contract, copyright or no copyright, these guys can't specifically use the value seller, those two special things. And as the Court has recognized, the documents that they're talking about are not the same. They are not identical documents, so that they are not using value prompter. They are not using the qualified prospect formula. They're different. And so you can't. That's not my question. My question is, they seem to be saying, oh, well, the arbitrator. They are different, doesn't matter. Doesn't decide the question that we want to raise now. Didn't decide the question. The Court, there was a, I'll look at the arbitration award I have in front of me. But my recollection is, and I apologize, Your Honor, because I didn't come prepared to address that. That wasn't the focus of the briefing, as you pointed out. And so I didn't look at that aspect of the arbitration award. Maybe it's waived because you can't just raise an oral argument and, whoop, we've got a new argument. That's another question. Yes. That's a different issue. So I would look at the arbitration award. And I do believe that there were some sections of the arbitration award that dealt with, for example, breach of the confidential settlement agreement is on page 16 of the award. That's on three excerpts of record, 422. The consultancy agreement? No. That was the confidential settlement agreement. Breach of that. Let me look earlier. And I apologize. I would have come prepared for it. Right. The arbitrator addressed breach of that also. Yes. And the breach of the consultancy agreement is also addressed by the arbitrator on page 420 of its award. And so issues, these issues were addressed. They drew their essence from the agreements. The arbitrator looked at all of them. The arbitration clauses as well, you know, in the various agreements are very broad. And they allow for arbitration of any claims related to arising out of the agreement. Certainly the infringement claim would arise out of the agreement. And it was there's been no argument or issue that as a whole that infringement claim was before the arbitrator. Then if I understand you're saying, okay, fine. If they want to shift away from the copyright argument to the other argument, well, the arbitrator decided that, too. He did. And now they're off and running on a whole new concept, perhaps. But anyway, the arbitrator decided that, too. That would be your position, right? That is correct. That is correct. And all of that, all of the decisions of the arbitrator drew their essence from the agreement itself. And that means that there was no, the arbitrator did not act outside of the scope of his authority so that one of the statutory bases for this Court to review the arbitration decision kick in. There is nothing, we don't get to the merits of what the arbitrator decided. The arbitrator did what he was supposed to do. He did what he was asked to do. You might not like what he did, but that is the end result, and that's where we are today in court. I don't know. There are other issues that they raised in their briefing that I'm prepared to speak to, the application of the Mattel case, the principles of the Mattel case. And those were, I believe we laid those out fairly carefully in our briefing, but I'm happy to speak to those as well, to talk to how the arbitrator, in fact, did apply that particular decision. And the reasoning of the proper legal reasoning, certainly there was no manifest disregard for the law. There was one other thing I'd like to point out. It's a quote. It seems like what they want to do is to redo the deal. And that is something that copyright law does not protect. And that came out in the Feist Publications case. There is a quote from that decision where it says, quoting from that decision, and I'm quoting now, the mere fact that a work is copyrighted does not mean that every element of the work may be protected. And it says, the case said, those persons that are not protected may be copied at will. This result is neither unfair nor unfortunate. It is the means by which copyright advances the progress of science and art. Even if there had been an absolute copying, which there wasn't, but even if there had been, it wouldn't have been copyright infringement. And the arbitrator in this case properly worked within the scope of the law. There was no manifest disregard for the law, and the arbitration award drew its essence from the arbitration agreement and the agreement between the parties. Ginsburg. Counsel, I'm curious about your response to opposing counsel's argument that the district court should have reviewed the entire arbitration record before making the decision. What's your response? You know, I strongly disagree. I think that they certainly the court certainly could have reviewed some portions of the record that counsel would directly direct them to, direct the court to. But there were 15 days of arbitration here. There was an arbitration record that we, a reporter's transcript that we dispute, was appropriate. But even if it was, I don't think that there's anything that would require a district court on determining whether to confirm an award, an arbitration award. There's nothing, and where the district court has no obligation at all to look at whether the arbitrator got the law or the facts correct. So there, what would, I mean, it stymies me to think of a reason why the district court would have an obligation and a duty to review those 15 days of unofficial transcript to determine whether there was something that the arbitrator did wrong, whether the arbitrator in that showed a manifest disregard for the law, or that there's something in there that whereby the arbitrator's award didn't draw its essence from the contract. I don't know of any law that requires that. I don't, and I think it would be entirely inconsistent with the policy and the overarching law about arbitration agreements and the enforceability of arbitration agreements and what the court's duty is to interfere with that private dispute resolution process. And if the Court has no further questions, I think I'm going to end my time here. Thank you, counsel. Mr. Bottle. Thank you, Your Honor. Just briefly, it was argued that the appellant wants to redo the deal with Mr. Temple. That is absolutely incorrect. Mrs. Thomas wants to enforce the deal. And the deal was she paid $6 million for a sales training program that included the value prompter and the qualified prospects formula as its two key elements. And I note for the Court, and we referenced this in our brief at page 53, that it is well established in the law that sales training programs can be copyright protected. And that's what was represented to her when she bought this from Mr. Temple. And I can't imagine any scenario under which today, having sold this to her, that he, under any scenario, could possibly say, I now have a right to use that which I sold to her. And that is the problem with the arbitration award, because it says just that to him. They're not copyrightable. And while that may be, we were dealing with a situation with a third party that comes in and uses those, and we have a copyright dispute with a third party, that might be one scenario where the Court says, I'm sorry, Mrs. Thomas, those aren't copyrightable. They get to use those. But we don't have that. We have a scenario where the person who created this sales training program and sold it to her for $6 million is now saying, under the arbitration award, I get to use, guess what, what I sold you for $6 million, I get to go use it tomorrow. That can't... Counsel, we understand your argument. Could you wrap up, please? Thank you, Your Honor. I'm finished unless you have any other questions. Thank you, Counsel. Thank you to both Counselors. Thank you, Your Honors. The case is submitted for decision by the Court.
judges: Fernandez, Rawlinson, Bybee